UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Timothy Barnhart, *et al.*, | Case No. 3:15 CV 2712 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | ORDER OF REMAND |
| Brendyn Ebron, *et al.*, | |
| Defendants. | |

*Pro se* Defendant Brendyn Ebron removed the above-captioned eviction action from the Sandusky Municipal Court on December 29, 2015.  In the eviction complaint filed in municipal court on October 9, 2015, Plaintiffs Timothy P. Barnhart and Paul Barnhart allege Ebron and Defendant Melissa Kehr were four months behind in their rent as of September 28, 2015.  They seek an order evicting Ebron and Kehr from the premises, and $ 1,600.00 in damages.  Ebron filed a Notice of Removal in this federal court, citing 42 U.S.C. § 1983.  He also appears to suggest this court has diversity jurisdiction over the case.  For the reasons stated below, removal is not proper, and this case is remanded to the Sandusky Municipal Court.

**I. Background**

The Barnharts filed an eviction action in the Sandusky Municipal Court on October 9, 2015 and the bailiff's office served Ebron and Kehr with the complaint on the same day.  *See Barnhart v. Ebron*, Case No. CVG1501916 (Sandusky Mun. Ct. filed Oct. 9, 2015).  The case was set for trial on December 30, 2015.  The day before the trial, Ebron removed the case to federal court.  Although

Kehr is also a Defendant, she did not sign the Notice of Removal.

## II. Removal

A Defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446 (b). Moreover, when the action is removed under § 1441(a), all of the Defendants who have been properly served must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A). Finally, where diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

## III. Analysis

Removal of this action from state court was not proper. Contrary to Ebron's allegation, the eviction action removed from municipal court did not involve a federal question. Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The eviction Complaint relied exclusively upon state law, and did not assert a cause of action arising under federal law.

Ebron attempts to establish federal question jurisdiction by mentioning 42 U.S.C. § 1983 in his notice of removal. Federal causes of action raised in counterclaims or defenses to the complaint are not adequate to establish federal question jurisdiction for the complaint and do not provide a reasonable basis for removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808(1986;

*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the Defendant's answer, not as part of the Plaintiff's complaint—cannot serve as the basis for [federal court] jurisdiction."); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007)(federal claim asserted by the Defendant in the notice of removal did not confer federal court jurisdiction). Ebron's assertions of constitutional violations are, at best, defenses he can assert in the eviction action. Those assertions, however, do not establish federal question jurisdiction for purposes of removal from state court.

Ebron also fails to establish diversity of citizenship as a basis for removal. Diversity of citizenship is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Ebron must establish that he is a citizen of one state and all of the Plaintiffs are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). All of the parties to the eviction action are citizens of Ohio. The citizenship of the parties is not diverse and cannot support federal jurisdiction.

Finally, the notice of removal was not timely filed, and appears to have been filed for the sole purpose of delaying the state court proceedings. The notice of removal has to be filed within thirty days after the Defendant is served with the complaint. 28 U.S.C. § 1446 (b). Ebron was served with the complaint on October 9, 2015 but removed the case eighty-one days later on December 29, 2015. The defect of untimeliness in removal cases in not jurisdictional. *Queen v. Dobson Power Line Const. Co.*, 414 F. Supp. 2d 676, 679 (E.D. Ky. 2006); *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F. Supp. 418, 420 (S.D.N.Y.1978). Therefore, it is within the discretion of the federal court to determine whether the case has proceeded too far in the state court

for this court to accept jurisdiction. *Queen*, 414 F. Supp. 2d at 679. In this case, Ebron waited until the eve of trial to file the notice of removal. Not only was the removal beyond the thirty day limit, but the timing of removal suggests it was filed to delay the trial in municipal court. That is not a proper use of a notice of removal.

### IV. Conclusion

Accordingly, this case is remanded to the Sandusky Municipal Court. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

> s/James G. Carr
> 
> JAMES G. CARR
> UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.